UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DUANE C. RAWLINGS,
<u>Plaintiff-Appellant,</u>

v.                                                           No. 96-2492

MARVIN RUNYON, Postmaster
General, United States Postal
Service,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
J. Frederick Motz, Chief District Judge.
(CA-95-2071-JFM)

Submitted: March 13, 1997

Decided: March 21, 1997

Before HALL, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James J. Nolan, Jr., PIERSON, PIERSON & NOLAN, Baltimore,
Maryland, for Appellant. Lynne A. Battaglia, United States
Attorney,
Charles J. Peters, Assistant United States Attorney, Baltimore,
Mary-
land, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Duane C. Rawlings appeals from the district court's orders granting summary judgment to Defendant in Rawlings' suit under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101-12213 (West 1995) and the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 701-797b (West Supp. 1996) and denying Rawlings' motion for reconsideration. Rawlings asserts that his employer breached its duty to reasonably accommodate a disabled employee. We affirm the judgment of the district court.

Rawlings was employed as a Parcel Post Distributor for the United States Postal Service from 1985 until 1994. The last day that Rawlings actually performed any work for the agency was in August 1992. Due to a work related injury in December 1988, Rawlings was granted a one year leave of absence from September 1, 1992 until September 1, 1993. However, Rawlings did not return to work on September 2 or any date thereafter nor did he communicate with any of his supervisors at the Postal Service after September 1. He was terminated on January 18, 1994.

Rawlings asserts that he spoke with his union representative prior to September 1, and was told that the Postal Service had agreed that he did not have to come back to work pending a decision on his application for disability retirement. On October 2, 1993, Rawlings received an "Absence Inquiry," instructing him to return to work or submit documentation to substantiate the reasons for his continued absence. Thereafter, Rawlings again spoke with his union representative and was told that the Postal Service was not going to wait for his disability retirement decision.

Thereafter, Rawlings received a "Notice of Proposed Removal." Although he claims that he spoke again with his union representative

2

and provided him with reports from his therapist and from his ortho-
pedist, it is undisputed that Rawlings did not personally contact the
Postal Service and did not provide any of his supervisors with the
alleged documentation. Moreover, the union representative states that
he did not communicate with the Postal Service after the "Notice of
Proposed Removal," and the Postal Service asserts that no documen-
tation was received. Rawlings was then terminated.

The ADA provides: "The term `qualified individual with a disabil-
ity' means an individual who, with or without reasonable accommo-
dation, can perform the essential functions of the employment
position that such individual holds or desires." 42 U.S.C.A.
§ 12111(8). Employers, therefore, are only required to impose those
modifications that qualify as "reasonable." See Myers v. Hose, 50
F.3d 278, 283 (4th Cir. 1995). Here, Rawlings asserts that the
Postal
Service was required to grant him a period of time in which to
process
his disability retirement. He sets no limit on how long this might
take.
Reasonable accommodation does not require an employer to wait
indefinitely while an employee attempts to improve his status. See
id.

Accordingly, the orders of the district court are affirmed. We dis-
pense with oral argument because the facts and legal contentions
are
adequately presented in the materials before the court and argument
would not aid the decisional process.

AFFIRMED